### 69347. THE STATE v. McGEE.
(325 SE2d 899)

DEEN, Presiding Judge.

The state appeals from the ruling of the Superior Court of Clayton County granting appellee McGee's motion to suppress controlled substances seized in a search of the luggage and persons of appellee and a female companion conducted at Hartsfield International Airport.

Sgt. Burkhalter of the Atlanta Police Bureau, on assignment to the Drug Enforcement Administration (DEA) airport detail, was watching the arrival of a non-stop flight from Miami, Florida (a designated "source city" under the so-called "drug courier profile"), when he observed appellee and a woman subsequently identified as Karen Beard among the deplaning passengers. Regarding as suspicious the nods exchanged between the two as they separated at the gate, Burkhalter followed appellee and shortly thereafter observed Ms. Beard emerge from the ladies' room and join McGee. He lost sight of them temporarily, but soon observed Ms. Beard leaving the baggage claim area and followed her to the taxi ramp, where she joined McGee at a bench where he was sitting surrounded by four pieces of luggage.

Burkhalter testified at the hearing on the motion to suppress that as he approached the two they stopped talking with one another, exchanged glances, and then stared at him until he reached them. Burkhalter identified himself and asked if he might talk with them and, after they agreed, asked to see their tickets. Appellee replied that his companion had them, and she stated that she had left them in the ladies' room. In response to Burkhalter's request for identification, she produced a driver's license bearing the name "Karen Beard"; appellee stated that he had no identification with him. Burkhalter returned Ms. Beard's license, explained that he was looking for drugs, and asked if he might search their persons and luggage. Burkhalter testified that they agreed to the search, and that both looked "very nervous." Appellant disclaimed all the luggage except a tote bag and

stated that he was merely watching the other three bags at the request of an unidentified skycap.

Appellee and Ms. Beard acquiesced in Burkhalter's suggestion that they go to a more private place, a nearby office, for the search; McGee picked up his tote bag while Ms. Beard, after first disclaiming ownership of the remaining luggage, then picked up all three pieces. As Burkhalter and McGee entered the terminal, the former became aware that Ms. Beard was not with them. Returning to the taxi ramp, he observed her entering a cab in which the luggage had already been placed. In response to the officer's query as to whether she had changed her mind, Ms. Beard replied that she had not. Burkhalter then saw on the seat of the taxi two airplane tickets bearing the names of a Mr. and Mrs. Beard; Beard insisted, however, that they were not hers. Appellee also denied ownership of the tickets and told the officer that his name was Willie Maddox. (Burkhalter did not learn appellant's correct name until the time of booking.) Burkhalter then picked up Ms. Beard's largest bag, and the three proceeded to the office, where they awaited the arrival of Burkhalter's fellow officer. During this time Burkhalter stated to the pair that, although their behavior was suspicious, they were not under arrest; nevertheless, he read them the *Miranda* rights. Upon the other officer's arrival, McGee and Beard were read their rights regarding searches, and both, according to Burkhalter's testimony, stated that they understood.

No contraband was found on appellee's person or in his tote bag. In the largest suitcase, however, which contained both men's and women's clothing, there were found cocaine, hydromorphone tablets, and a .38 revolver. It was at this point that McGee and Beard were informed that they were officially under arrest and were handcuffed. They were subsequently booked. McGee was charged with trafficking in cocaine, possession of hydromorphone, and giving a false name to a law enforcement officer.

Appellee pled not guilty and filed a motion to suppress the allegedly illegally obtained evidence. After a hearing the trial court entered an order granting the motion. The state appeals, enumerating this ruling as error on the grounds that (1) appellee lacked standing to challenge the legality of the search of luggage in which he allegedly had no reasonable expectation of privacy, and that (2) the search was made pursuant to the free and voluntary consent of appellee and his traveling companion. *Held*:

Close scrutiny of the record in this case, including the transcript of the hearing on the motion to suppress, reveals that the detention of the appellee and his companion was illegal in that (as the state concedes in its brief) there existed at that time absolutely no probable cause for arrest. It is true that *after* the initial encounter the two ex-

hibited behavior of an arguably suspicious nature, and that prohibited substances were in fact found; but this does not fulfill the pertinent criteria. It is well settled that not just a "reasonable suspicion," but probable cause, must exist *prior to* an arrest and cannot consist of evidence developed in the course of an illegal seizure or search. See, e.g., *United States v. Berry*, 670 F2d 583 (5th Cir. 1982). We cannot agree with the state's contention that the trial court erred in finding that Ms. Beard was, in fact, illegally arrested when she left the taxi and that her subsequent consent was coerced. See, e.g., *Bothwell v. State*, 250 Ga. 573 (300 SE2d 126) (1983), cert. denied __ U. S. __ (103 SC 3545, __ LE2d __) (1984). The totality of the circumstances clearly supports appellee's contentions. Compare *Reid v. Georgia*, 448 U. S. 438 (100 SC 2752, 65 LE2d 890) (1980); *Schneckcloth v. Bustamonte*, 412 U. S. 218 (93 SC 2041, 36 LE2d 854) (1973).

We hold, therefore, that the incriminating evidence in this case was illegally obtained and hence inadmissible in any proceeding against appellee. The trial court acted properly in granting appellee's motion to suppress. *Owens v. State*, 153 Ga. App. 525 (265 SE2d 856) (1980); *LaRue v. State*, 137 Ga. App. 762 (224 SE2d 837) (1976).

*Judgment affirmed. Sognier, J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED JANUARY 15, 1985.

*Robert E. Keller, District Attorney, William L. McKinnon, Jr., Assistant District Attorney*, for appellant.
*Thomas R. Moran*, for appellee.