71129. ULLRICH v. THE STATE.
(335 SE2d 490)

BANKE, Chief Judge.

While on duty at the Atlanta Airport, Agent Markonni and another agent of the Federal Drug Enforcement Administration observed the defendant deplane from a flight arriving from Fort Lauderdale, Florida. Markonni noticed that the defendant was carrying only a small tote bag and that there were no baggage checks on his ticket

envelope, and he determined that the ticket had been paid for with cash. After the defendant checked in for a connecting flight to Nashville, Tennessee, Markonni determined from the passenger record that he had a one-way reservation from Fort Lauderdale to Nashville which had been made only about five hours earlier. Moreover, there was a notation on the airline's records that the person making the reservation in Fort Lauderdale had given no local phone number where he could be reached. Markonni testified that such a circumstance often indicates that the passenger is travelling under an assumed name or "really isn't staying anywhere in Fort Lauderdale."

Markonni testified that because Fort Lauderdale is reputed to be a major drug source city and because the defendant's travel arrangements were characteristic of those often made by drug traffickers, he approached the defendant in the company of another agent, identified himself, and asked to see the defendant's airline ticket and driver's license. Both Markonni and his partner were dressed in casual clothes; and, though they were armed, their weapons were not visible. Markonni testified that the defendant agreed to speak with them but appeared to become increasingly nervous while showing his airline ticket and driver's license. Markonni said he explained to the defendant that he and his partner were narcotic agents and "that because of the circumstances of his travel and he was travelling only with a small tote bag that I was going to ask him if he would cooperate with us in allowing his person and his tote bag to be searched for drugs and narcotics." The defendant hesitated, and Markonni said, "You are really nervous . . . is that because you might have something that we might be interested in?" According to Markonni, the defendant then stated, "I have something that I really don't think would interest you very much." Markonni replied, "I take that to mean that you have a small amount of a drug," whereupon the defendant stated that he had "a little marijuana, enough for a few joints." Based on this admission, Markonni placed the defendant under arrest for violating the Georgia Controlled Substances Act. A subsequent search of the defendant's person resulted in the discovery of approximately four ounces of cocaine in his boots, on the basis of which he was convicted of trafficking in cocaine.

The defendant concedes on appeal that the agents' initial contact with him was not violative of his constitutional rights but contends that he was unlawfully seized by the agents at the time Markonni suggested he might be in possession of contraband. He consequently contends that the subsequent search of his person was unlawful and that the trial court should have granted his motion to suppress the cocaine as evidence. *Held*:

"The events took place in the public concourse. The agents wore no uniforms and displayed no weapons. They did not summon the

[defendant] to their presence, but instead approached [him] and identified themselves as federal agents. They requested, but did not demand to see the [defendant's] identification and ticket. Such conduct, without more, did not amount to an intrusion upon any constitutionally protected interest. The [defendant] was not seized simply by reason of the fact that the agents approached [him], asked if [he] would show them [his] ticket and identification, and posed to [him] a few questions. Nor was it enough to establish a seizure that the person asking the questions was a law enforcement official . . . In short, nothing in the record suggests that the [defendant] had any objective reason to believe that [he] was not free to end the conversation . . . and proceed on [his] way . . ." *United States v. Mendenhall*, 446 U. S. 544, 555 (100 SC 1870, 64 LE2d 497) (1980). Accord *State v. Reid*, 247 Ga. 445 (276 SE2d 617) (1981); *Allen v. State*, 172 Ga. App. 663 (1) (324 SE2d 521) (1984); *Berry v. State*, 163 Ga. App. 705 (3) (294 SE2d 562) (1982). The evidence in this case supports the trial court's conclusion that the defendant was not seized until he admitted being in possession of marijuana and that he had no objective reason, until that moment, to believe he was not free to proceed on his way. The seizure of the cocaine may consequently be viewed as the fruit of a lawful search incident to arrest, and it follows that the trial court did not err in denying the motion to suppress. See generally OCGA § 17-4-20 (a); *Powell v. State*, 170 Ga. App. 185 (316 SE2d 779) (1984).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 26, 1985.

*Lee Sexton*, for appellant.

*Robert E. Keller*, District Attorney, *Clifford A. Sticher*, Assistant District Attorney, for appellee.