*Michael R. Johnson*, for appellee.

## 72942. GOODMAN v. THE STATE.
(349 SE2d 216)

BANKE, Chief Judge.

On appeal from his conviction of possessing cocaine in violation of the Georgia Controlled Substances Act, the appellant contends the trial court erred in denying his motion to suppress the contraband on which the conviction was based.

Observing the appellant deplane in Atlanta from a flight arriving from Fort Lauderdale, Florida, Agent Markonni of the Federal Drug Enforcement Administration noticed that there were no baggage claim checks attached to the appellant's ticket and that he carried only a small tote bag. The agent then determined from airline officials that the appellant's reservation for the flight had been made shortly before departure, that the ticket had been paid for in cash, and that no local phone number had been provided when the reservation was made.

As the appellant was awaiting a connecting flight, Markonni sat down next to him, introduced himself as a police officer, and asked permission to speak with him. Markonni was dressed casually, as were several other agents seated nearby whose presence was not revealed to the appellant. According to Markonni, the appellant agreed to speak with him and voluntarily showed him his airline ticket and driver's license. Markonni testified that the appellant became increasingly nervous as they spoke. Markonni explained that he was looking for drugs coming through the airport and, having ascertained that there was sufficient time to do so before the appellant's connecting flight departed, asked the appellant if he would consent to a search of his tote bag and person. According to Markonni, the appellant consented and, upon being given the option, expressed his desire to have the search conducted in a private area rather than on the crowded concourse.

Markonni and another agent then accompanied the appellant to a Delta Airlines' lounge, where Markonni produced a card which he read to the appellant, instructing him that he had the right to refuse to allow the search of his person and bag. When asked if he understood these rights, the appellant answered that he did not. Markonni then explained to him that he did not have to consent to a search and that if anything illegal was found it could be used against him. The appellant responded that he did not know why he should be searched and asked what would happen if he said no. Markonni replied that he did not want to discuss that but would like the appellant to make a

decision one way or the other. The appellant then stated, "Go ahead, knock yourselves out. . . ." The ensuing search of the tote bag resulted in the discovery and seizure of 140.5 grams of white powder which proved to contain 40 percent cocaine. Also, a lesser amount of cocaine was found in appellant's pocket.

Although conceding on appeal that the agent's initial contact with him did not violate any constitutionally protected interest, the appellant argues that his consent to the search was not freely and voluntarily secured because the atmosphere in which it was obtained was coercive. *Held*:

The evidence introduced at the hearing on the motion to suppress supported the trial court's determination that the appellant freely and voluntarily consented to the search. Markonni did not wear a uniform and displayed no weapon, and the presence of the other agents was not known to the appellant until after he had expressed his initial willingness to be searched. Accord *Ullrich v. State*, 176 Ga. App. 260 (335 SE2d 490) (1985); *Allen v. State*, 172 Ga. App. 663 (324 SE2d 521) (1984). Nothing in the record suggests that, at the time the appellant initially expressed his willingness to be searched, he had "any objective reason to believe that [he] was not free to end the conversation . . . and proceed on his way. . . ." *United States v. Mendenhall*, 446 U. S. 544, 555 (100 SC 1870, 64 LE2d 497) (1980). The case before us does differ from those cited above in that the appellant here was apparently having some second thoughts concerning the consent to search which he had given. However, there is no evidence that he ever withdrew or limited his initial expression of consent. Rather, the evidence shows that he reaffirmed his consent upon being instructed specifically that the decision was his to make. Accordingly, we hold that the trial court did not err in denying his motion to suppress.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 5, 1986 —
REHEARING DENIED SEPTEMBER 18, 1986.

*Steven E. Lister*, for appellant.
*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.