## 74230. CHAPPELL v. THE STATE.
### (359 SE2d 686)

CARLEY, Judge.

Appellant was arrested at Atlanta's Hartsfield International Airport and a quantity of cocaine was seized from his person. Appellant's motion to suppress was denied and he was then found guilty of trafficking in cocaine after a bench trial. He appeals from the judgment of conviction and sentence entered on the trial court's finding of guilt.

Appellant enumerates as error only the denial of his motion to suppress. At the hearing on appellant's motion, Agent Markonni of the Federal Drug Enforcement Administration testified to the following: He observed appellant exit a plane from Miami, a drug source city. Appellant had an unnatural bulge on the inside of each leg. Appellant's inquiry regarding a connecting flight enabled Agent Markonni to notice that the name on appellant's ticket was "Chappland." By checking reservations records, Agent Markonni determined that the "Chappland" ticket had been issued only a few minutes before flight time and had been purchased with cash. The purchaser had given no telephone number and had checked no baggage. Based upon his experience, Agent Markonni considered such factors as he had observed and learned regarding appellant to be indicative of drug courier activity. Accordingly, the decision was made to stop appellant and to question him. Agent Markonni and another agent did so. "The encounter took place in the airport concourse. The agents wore no uniform and displayed no weapon. They did not summon the defendant to their presence, but approached him and properly identified themselves. All information was requested — not demanded. 'Such conduct, without more, did not amount to an intrusion upon any constitutionally protected interest.' [Cits.]" *Rasnake v. State*, 164 Ga. App. 765, 768 (1) (298 SE2d 42) (1982). When he was asked his name, appellant responded "Chappell" and produced identification bearing that name. Agent Markonni told appellant of the purpose of the questioning. When asked if there was anything in his boots other than his feet and socks, appellant responded that there was not. Agent Markonni then asked if appellant would mind raising his trouser legs above his boots. When appellant voluntarily did so, bulges were clearly visible beneath his socks. Agent Markonni felt the bulges and, based on his experience, suspected them of being bags of cocaine. Appellant was then arrested for violation of the Georgia Controlled Substances Act and the bags were removed from his socks.

The bags contained 60.2 grams of cocaine.

This evidence clearly authorized the trial court to find that Agent Markonni had sufficient articulable and reasonable suspicion to conduct a Terry-type stop of appellant. *Rasnake v. State*, supra. Although appellant presented evidence which directly contradicted Agent Markonni's testimony in some respects, the trial court was not required to believe appellant's witness or to disbelieve Markonni. "The weight of the evidence and credibility of witnesses are questions for the [triors] of fact. [Cit.]" *Webb v. State*, 154 Ga. App. 395, 396 (1) (268 SE2d 438) (1980). While he was lawfully stopped for questioning, appellant freely and voluntarily consented to an inspection of his legs by Agent Markonni. See *Connor v. State*, 130 Ga. App. 74 (202 SE2d 200) (1973). As a result of that inspection, Agent Markonni verified the existence of suspicious bulges in appellant's socks, although appellant had denied having anything in them. Under the totality of these circumstances, Agent Markonni had probable cause to arrest appellant, and, in the search incident to the arrest, the seizure of the cocaine was justified. *Reid v. State*, 179 Ga. App. 144 (345 SE2d 635) (1986). The evidence authorized the trial court to deny appellant's motion to suppress and to find him guilty of trafficking in cocaine. *Reid v. State*, supra. See also *Miller v. State*, 183 Ga. App. 702 (359 SE2d 683) (1987), reh. denied July 15, 1987.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED JULY 2, 1987.

*Steven E. Lister*, for appellant.

*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.