## 73937. CLARK v. THE STATE.
(360 SE2d 447)

CARLEY, Judge.

Appellant was indicted for trafficking in cocaine. He was tried before a jury and a guilty verdict was returned. The trial court, as it was authorized to do, granted a new trial on its own motion. See OCGA § 5-5-40 (h). Appellant then agreed to a bench trial and stipulated that the trial court could consider the evidence that was produced in appellant's jury trial. The trial court, sitting as the trior of fact, found appellant guilty. Appellant appeals from the judgment of conviction and sentence that was entered on the trial court's finding of guilt.

1. Appellant enumerates as error the denial of his motion to suppress.

Agent Paul Markonni, a federal drug enforcement agent as well as a Clayton County deputy sheriff, observed appellant as he deplaned from a flight from Fort Lauderdale, a known drug distribution center. Agent Markonni's attention was attracted by unusual bulges on both of appellant's legs, which led Agent Markonni to believe that appellant had something in his boots. Through his experience, Agent Markonni has gained knowledge that strapping drugs to one's calves is a common way in which drug traffickers carry drugs while flying on commercial airlines. Based upon that knowledge, Agent Markonni continued to observe appellant. He noticed that appellant carried only a tote bag, a jacket and a book, and that no baggage claim checks were affixed to his ticket. Agent Markonni approached appellant,

identified himself as a law enforcement officer, and asked appellant, who was showing signs of nervousness, to speak with him. Appellant agreed, and upon request, presented to Agent Markonni his ticket, as well as a driver's license which bore the same name as that which was on the ticket. When asked about his leg bulges, appellant denied he had anything in his boots. Agent Markonni then arrested and searched appellant discovering 491 grams of cocaine strapped to appellant's calves.

Appellant urges the search was illegal because Agent Markonni had no probable cause to arrest him. "In *United States v. Mendenhall*, 446 U. S. 544, 550 (100 SC 1870, 64 LE2d 497) (1980), a person's Fourth Amendment . . . right to be secure from unreasonable searches and seizures was found to apply to the person and effects of travelers in an airport. Except in extremely rare instances *the seizure of the person or his effects* is considered unreasonable per se unless a warrant has been obtained from a neutral magistrate upon a showing of probable cause. [Cit.] An exception, however, has been made to permit a police officer to conduct a brief investigatory stop without a showing of probable cause where the officer observes unusual conduct which, when viewed in the light of his experience, causes him to conclude that the individual is involved in criminal activity. [Cit.] In other words, this type of stop is permitted based upon an 'articulable suspicion' which is 'less than probable cause to make an arrest or conduct a search, but must be more than mere caprice or arbitrary harassment.' [Cits.]" (Emphasis in original.) *Pullano v. State*, 169 Ga. App. 377, 379 (312 SE2d 857) (1983). As in *Scott v. State*, 253 Ga. 147, 149 (317 SE2d 830) (1984), "[w]e hold that [A]gent Markonni's brief investigatory stop of [appellant] was both reasonable and justified in light of the particular circumstances of this case. [Cits.] In order to 'expand the scope' of intrusion by a law enforcement officer, however, the officer must have either probable cause *or* the voluntary consent of the individual detained. [Cit.]" (Emphasis supplied.)

In this case, appellant did not voluntarily consent to lifting his pants leg upon Agent Markonni's request. Compare *Reid v. State*, 179 Ga. App. 144 (345 SE2d 635) (1986). However, insofar as the existence of probable cause is a determination which is to be based upon the "totality of the circumstances," the events which occurred during the subsequent investigatory stop of appellant cannot be divorced from but must be considered in light of Agent Markonni's experience and knowledge and the articulable suspicion which authorized the stop in the first instance. "It is . . . true that . . . appellant did not voluntarily lift his trouser legs. However, in this case, the agents immediately noticed that appellant had abnormally large bulges in *both* boots. . . . Furthermore, . . . the appellant answered Agent Markonni's question in the negative when asked if he had anything in

his boots other than his feet and socks. Based upon the agents' observations, this answer was obviously untrue. . . . Appellant's 'false response to the inquiry about the object(s) in his (boots), coupled with (the agents') observation and experience, provided the probable cause required for (appellant's) warrantless arrest. Accordingly, the search incident to that arrest was not violative of the Fourth and Fourteenth Amendments and the fruits of that search were properly considered by the trial court in rendering its decision.' [Cit.]" (Emphasis in original.) *Miller v. State*, 183 Ga. App. 702, 703 (359 SE2d 683) (1987). "The crucial consideration in the case at bar is the odd size and shape of the bulge[s] in [appellant's *boots*] as observed by [Agent] Markonni and as evaluated and analyzed based upon [Agent] Markonni's experience. The documentation provided by [appellant] was essentially accurate and did not arouse Agent Markonni's suspicions, in contrast to the falsified airline tickets in [cited cases]. However, [appellant's] false response to the inquiry about the object[s] in [*both* of] his [*boots*], coupled with [Agent] Markonni's observation and experience, provided the probable cause required for [appellant's] warrantless arrest." (Emphasis supplied.) *Reid v. State*, supra at 148.

This Court's decision in *Miller v. State*, supra, has not been reversed and cannot be distinguished factually. The *Miller* decision is, therefore, controlling on the issue of the existence of probable cause for appellant's arrest and the correctness of the denial of appellant's motion to suppress. The trial court did not err in denying that motion.

2. We have considered the remaining enumerations of error asserted by or on behalf of appellant and conclude that they are without merit.

*Judgment affirmed. Birdsong, C. J., Deen, P. J., McMurray, P. J., Sognier, Pope, and Beasley, JJ., concur. Banke, P. J., and Benham, J., dissent.*

BENHAM, Judge, dissenting.

Being unable to agree with either the judgment or the reasoning of the majority opinion, and being frightened by the far-reaching implications of the majority opinion, I must respectfully dissent. Appellant contends the search was illegal because Agent Markonni had no probable cause to arrest him.

" 'The seven primary characteristics of the drug courier profile are: (1) arrival from or departure to an identified source city; (2) carrying little or no luggage, or large quantities of empty suitcases; (3) unusual itinerary, such as rapid turnaround time for a very lengthy airplane trip; (4) use of an alias; (5) carrying unusually large amounts of currency in the many thousands of dollars, usually on their person, in briefcases or bags; (6) purchasing airline tickets with a large

amount of small denomination currency; and (7) unusual nervousness beyond that ordinarily exhibited by passengers.' " *Bothwell v. State*, 250 Ga. 573, 575 (300 SE2d 126) (1983).

Like the majority, I find the language in *Scott v. State*, 253 Ga. 147, 149 (317 SE2d 830) (1984), very instructive: "We hold that agent Markonni's brief investigatory stop of the petitioner was both reasonable and justified in light of the particular circumstances of this case. [Cits.] In order to 'expand the scope' of intrusion by a law enforcement officer, however, the officer must have either probable cause or the voluntary consent of the individual detained. [Cit.]"

Unlike the situations in other drug courier profile cases where we determined that a consensual search had taken place (see *Reid v. State*, 179 Ga. App. 144 (345 SE2d 635) (1986) and *McAdoo v. State*, 164 Ga. App. 23 (295 SE2d 114) (1982)), no such consensual search took place here since appellant was placed under arrest before the search and he did not give his consent to the search.

Taking into consideration the totality of the circumstances, there was an "articulable suspicion" to justify a stop of appellant. *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968). However, nothing occurred during the *Terry* stop to elevate the "articulable suspicion" to probable cause. See *State v. McGee*, 173 Ga. App. 287 (325 SE2d 899) (1985); *State v. Smith*, 164 Ga. App. 142 (296 SE2d 141) (1982); and *Bowers v. State*, 151 Ga. App. 46 (258 SE2d 623) (1979). Even the trial judge who denied the motion to suppress herein stated that this was an "extremely close case." While I definitely see the need to closely monitor the activities of citizens at our airports to ferret out and prosecute those who deal in the disgustingly vile, illegal drug trade, I must stand sentinel to our constitutional and procedural safeguards and not allow law enforcement officers to make an impermissible leap from suspicion to probable cause. Just recently, this court affirmed the conviction in *Miller v. State*, 183 Ga. App. 702 (359 SE2d 683) (1987), a leg-bulge case, and I specially concurred. However, there is a considerable factual distinction between the case sub judice and *Miller*. Unlike *Miller*, where a vivid and detailed factual description by the law enforcement officer of the compelling circumstances outlined in the main opinion and special concurrence was sufficient for both a *Terry* stop and a probable cause arrest, the factual situation here was in no way compelling to the extent that it gave rise to a probable cause arrest. Therefore, I would reverse the trial court and grant the appellant's motion to suppress.

I am authorized to state that Presiding Judge Banke joins in this dissent.

DECIDED JULY 16, 1987 —
REHEARING DENIED JULY 28, 1987.

*Jerry L. Patrick, Jr.*, for appellant.
*Robert E. Keller*, District Attorney, *Clifford A. Sticher*, Assistant District Attorney, for appellee.