### 74452. LeBLANC v. THE STATE.
(363 SE2d 37)

McMURRAY, Presiding Judge.

Defendant appeals his conviction of the offense of trafficking in cocaine. *Held:*

Defendant enumerates as error the denial of his motion to suppress the contraband upon which his conviction is predicated.

Agent Markonni of the Drug Enforcement Administration, and Henry County Detective W. A. Selph, assigned to a multi-jurisdictional anti-drug detail at the Atlanta airport, were observing passengers deplane from a flight from Ft. Lauderdale, Florida. The flight in question was being observed because the south Florida area is known to law enforcement officers as a significant drug distribution point for the entire country. Agent Markonni testified that he and Detective Selph observed that as defendant deplaned his "right lower leg appeared larger than his left lower leg and he was wearing boots." As further described by Agent Markonni "it wasn't the biggest bulge we've ever had in terms of an abnormal leg, but it was significant enough so that his right leg was obviously larger than his left leg." (Agent Markonni testified that he had been involved in approximately 700 drug arrests in Detroit and Atlanta of which approximately 150 involved body bulges.) Based on his experience that carrying drugs in boots is a common concealment method, Agent Markonni suspected that the defendant might be carrying a quantity of controlled substances in his boot.

Detective Selph undertook to follow and observe the defendant. However, shortly thereafter, fearing that Detective Selph's presence had been noticed by the defendant, the officers decided to interview defendant.

The officers, who were casually dressed and their weapons concealed, approached defendant, identified themselves as law enforcement officers and asked if they "could speak to him for a few minutes and he said yes." Agent Markonni asked to see the defendant's airline ticket which he produced and which was a one way cash ticket from Ft. Lauderdale to Baton Rouge in the name of Daniel LeBlanc. The fact that it was a cash ticket was significant in that cash tickets are

commonly purchased in false names and used by drug dealers to avoid being traced. When asked his name the defendant said he was Daniel LeBlanc and when asked to produce identification defendant produced a driver's license also in the name of Daniel LeBlanc. Both the above ticket and driver's license were consistent with defendant's correct identity.

Defendant argues that Agent Markonni's questions should have ended when the defendant's ticket and driver's license matched the name the defendant gave. However, the record reveals no evidence that defendant had any cause to believe he was no longer free to leave after he identified himself. Defendant voluntarily remained in the officers' presence and no seizure occurred at this point. *Allen v. State*, 172 Ga. App. 663, 666 (2) (324 SE2d 521).

At this point Agent Markonni explained that he and Detective Selph were narcotics agents looking for drugs coming through the airport and explained to defendant that his right boot appeared to be larger than his left boot and asked defendant if he was carrying anything in his boots. The defendant gave a negative response whereupon Agent Markonni asked him if he would mind raising up his trouser leg. Agent Markonni testified that "I asked him if he would mind raising up his trouser legs so that I could see if there was nothing [sic] in his boots. And, at that point, he reached down and he raised up his left trouser leg very quickly and freely and I looked down and there was nothing in his boot. I felt his boot. There was nothing inside of it. And, then he reached down and raised up his trouser leg but as he got to the top of his right trouser leg, with his hands under the trouser leg, he also grabbed his sock and pulled it up." Agent Markonni further testified that he could see that under the sock there was a bulge on the side of defendant's right leg "so what it meant was he was pulling his sock up to make sure that the bag or whatever was inside was covered completely." When Agent Markonni saw the bulge he briefly felt it and "it felt like chunks and powder" which suggested to him based on his past experience that the substance was cocaine, and at that time placed the defendant under arrest and removed a quantity of cocaine from his sock.

Agent Markonni testified that when he and Detective Selph approached defendant he was standing in front of a vending machine and that they did nothing to stop the defendant from leaving, that defendant had access to walk away if he wanted to walk away, that the conversation with defendant was conducted in a normal conversational tone of voice and that defendant was not threatened or coerced in any way to get him to talk to the officers or to get him to give identification. Agent Markonni testified that he did not require defendant to pull up his pants leg, but asked him if he would.

Contrary to defendant's argument, the conduct of the officers in

approaching defendant and identifying themselves as law enforcement officers accompanied with their request to see defendant's ticket and identification, as well as their request that defendant raise his trouser leg, did not amount to an intrusion upon any constitutionally protected area. Nor did the absence of an express statement to defendant that he was free to leave suggest that defendant was "seized." Nothing suggests defendant had any objective reason to believe that he was not free to end the conversation and proceed on his way. Such police-citizen encounters involving no coercion or detention are without the compass of the 4th Amendment. *United States v. Mendenhall*, 446 U. S. 544 (100 SC 1870, 64 LE2d 497); *Goodman v. State*, 180 Ga. App. 347 (349 SE2d 216); *Ullrich v. State*, 176 Ga. App. 260 (335 SE2d 490); *Allen v. State*, 172 Ga. App. 663, supra; *Moran v. State*, 170 Ga. App. 837 (318 SE2d 716).

Finally, we reject defendant's argument that when Agent Markonni reached and felt the suspicious bulge, he lacked probable cause. At that time Agent Markonni was aware that defendant was traveling from a drug distribution point on a cash ticket (as often used by drug couriers) and was steadfastly denying the existence of anything in his boot which might cause the bulge repeatedly observed by the agent. The agent also had knowledge that from his experience such concealment is a common method of transporting contraband. Based upon this evidence we find that Agent Markonni had probable cause to believe that defendant was committing an offense involving concealed contraband. *Allen v. State*, 172 Ga. App. 663, 666 (5), supra. The trial court did not err in denying defendant's motion to suppress evidence.

*Judgment affirmed. Beasley, J., concurs. Sognier, J., concurs in the judgment only.*

DECIDED NOVEMBER 5, 1987.

T. Michael Martin, for appellant.
Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney, for appellee.