## 75495. REBEIRO v. THE STATE.
### (367 SE2d 857)

BENHAM, Judge.

In a bench trial in which the parties stipulated to the evidence adduced at the motion to suppress hearing, appellant was found guilty of trafficking in cocaine. On appeal, he asserts as error the denial of his motion to suppress.

Investigator Noe of the Clayton County Sheriff's Department and Special Agent Neeley, both assigned to the Drug Enforcement Agency Airport Task Force, observed appellant, "a real short slender Hispanic," deplane at Atlanta's Hartsfield International Airport from a flight from Fort Lauderdale, Florida. Appellant spoke to "a big, tall, . . . very heavyset, white guy" who exited the plane at appellant's side. Appellant carried an overnight bag that appeared to be very light or empty. The two men walked down the concourse toward the gate from which their connecting flight to Little Rock was to leave. Noe and Neeley, accompanied by DEA agent Markonni, also went to the Little Rock departure gate, where Markonni was unsuccessful in determining the identities of the appellant and his companion from the passenger list. He was able to ascertain that two or four of the six people making the Fort Lauderdale-Little Rock flight had made "late" reservations. The three law enforcement officers observed appellant go to the rest room, and upon his return, Noe and Neeley approached appellant to conduct an interview. As he observed appellant returning from the rest room, Markonni noticed an "unnatural bulge" protruding from appellant's left calf. Markonni attempted to convey by pantomime his suspicions to Noe and Neeley, but he caught only the eye of Neeley, who did not communicate anything to Noe. During his conversation with appellant, Noe was given appellant's ticket and saw that it was a one-way fare that had been paid for in cash, and that the name on the ticket matched that on appellant's

driver's license. Noticing that appellant was nervous, Noe asked appellant to consent to a search for drugs, which appellant refused.

Sensing that Noe and Neeley were about to terminate their interview with appellant and realizing that Noe was not aware of the bulge on appellant's left calf, Markonni approached the threesome. He heard appellant refuse to consent to a search and observed that appellant appeared nervous. Markonni identified himself as a law enforcement officer and asked if appellant had anything in his socks. When appellant responded affirmatively, Markonni asked what it was and was told it was money. When Markonni asked to see it, appellant refused. Markonni informed appellant that he was not interested in money but wanted to be sure appellant was not carrying drugs, and reiterated his request to see the money. When appellant again refused his request, Markonni took appellant into custody and escorted him approximately 150 feet to a back room off the concourse in order to search him. Markonni patted down appellant and felt what he thought was a pliable, powdery, chunky substance under his trouser leg. Believing it to be cocaine, Markonni removed the bulge as well as two other bags he discovered in his pat down search of appellant. In all, approximately 461 grams of white powdery substance were removed from appellant's person.

"The constitutional validity of an arrest without a warrant depends upon whether, at the moment the arrest was made, the officers had probable cause to make it — whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the defendant had committed or was committing an offense. [Cits.]" *Reid v. State*, 179 Ga. App. 144, 146 (345 SE2d 635) (1986). Markonni testified that he arrested appellant because "he arrived from a well-documented drug source city, . . . he was nervous at my part of the interview, . . . he had a bulge . . . [where] other folks have carried drugs, . . . [and] after explaining it was a legal object, he declined to show it to me." Markonni admitted that "[i]t was possible but not probable" that the bulge could have been money; that the majority of legal bulges have been money; and that had he thought the bulge was currency, he "would not have gone ahead and done what [he] did [arrest and search appellant]."

The State characterizes this appeal as another "Markonni leg bulge case." While this appeal does involve Markonni and a leg bulge, it is distinguishable from the bulge cases previously before this court. Here, appellant admitted he had something in his boot. Compare *LeBlanc v. State*, 184 Ga. App. 789 (363 SE2d 37) (1987); *Clark v. State*, 183 Ga. App. 838 (360 SE2d 447) (1987); *Chappell v. State*, 183 Ga. App. 706 (359 SE2d 686) (1987); *Miller v. State*, 183 Ga. App. 702 (359 SE2d 683) (1987); *Reid v. State*, supra. In those earlier cases,

the evidence was such that a direct conflict arose between the defendant's denial of the presence of something in his boot or sock, and the law enforcement officer's observation of something in the defendant's boot or sock. *Clark*, supra; *Miller*, supra. Such a direct conflict is not present in the case at bar since appellant never denied having something in his boot. The conflict that arises herein is a subjective one: appellant said the bulge was money, and the officer, while acknowledging that the bulge could have been currency, made the subjective evaluation that it was contraband, and that subjective evaluation became an integral part of the officer's decision to arrest appellant. In the past, we have approved of law enforcement officers basing probable cause on observations that can be objectively evaluated (the criteria that make up the drug courier profile; giving a false name; denying the presence of a bulge). However, we have not approved of using observations that require extensive subjective evaluation to serve as a basis for probable cause. It is this venture into the realm of subjectivity that we disapprove of as being offensive to the guarantees of the Fourth Amendment.

Because the law enforcement officer did not have probable cause to arrest appellant, appellant's motion to suppress the evidence uncovered in the ensuing search should have been granted. Without that evidence, appellant's conviction for trafficking in cocaine must be reversed.

*Judgment reversed. Banke, P. J., and Carley, J., concur.*

DECIDED MARCH 15, 1988 —
REHEARING DENIED MARCH 23, 1988.

*Joseph J. Saia*, for appellant.
*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.