A89A2322. CULLEN v. THE STATE.
(390 SE2d 908)

BEASLEY, Judge.
Cullen appeals bench convictions for trafficking in cocaine, OCGA § 16-13-31, and violation of the Georgia Controlled Substances Act by possession of less than one ounce of marijuana, OCGA §§ 16-13-30 (j) (1); 16-13-2 (b). The question is whether the court erred in denying the motion to suppress evidence of the contraband because the arrest was made without probable cause.

At the motion hearing, Drug Enforcement Administration Agent Markonni testified to the following. He and another agent were in Hartsfield International Airport watching the arrival of a non-stop flight from Miami, a drug source city. As the agents observed passengers deplaning, Markonni noticed Cullen because he was wearing a shirt, normally worn inside the trousers, out over the front of his trousers. Also, it appeared that Cullen's lower right abdomen was distended. Markonni had seen the wearing of such a shirt outside trousers used as a technique for attempting to conceal body-carried drugs in the lower abdomen area, a commonly used method of concealing drugs in commercial air travel. The agents followed Cullen and watched him walk up the concourse. At a point near empty gates at the spine of the concourse, Markonni decided to initiate a conversation.

Both agents, in casual clothing and without weapons displayed, walked up to Cullen. Markonni identified himself and the other agent as police officers and asked if they could talk. Cullen was not threatened or coerced and agreed. From the onset, Markonni noticed that Cullen became nervous and his breathing quickened dramatically. Markonni examined Cullen's airline ticket, which he produced on request, and found that it was roundtrip from Atlanta to Miami via Memphis. The trip was for less than one day and Cullen had no checked luggage but carried only a small tube bag. He said he had been to Florida to visit a friend. Cullen gave his correct name and produced a North Carolina driver's license. His hand shook as he handed Markonni the license.

Markonni explained they were narcotics agents looking for drugs and narcotics coming through the airport and asked Cullen if he would cooperate by allowing a search for drugs of his person and bag. Cullen agreed and became more nervous. Markonni stated that they could do the search there or go to a more private place if Cullen wished. Cullen stated that the search could be done where they were, hesitated and said, "[W]hat would happen if I said no?" Markonni replied, "Are you saying you don't want me to search you and your bag?" Cullen responded, "[W]ell, no, I was just asking." The other agent asked if she could search Cullen's bag and he said yes. Markonni again asked if he could search Cullen and Cullen agreed. At no time did Cullen attempt to terminate the conversation or attempt to leave.

Cullen started to raise his arms and turn his body away from Markonni so that his front was against a set of chairs and his back was facing Markonni. Markonni began a patdown search, reached around the front of Cullen's body and felt the object in the lower abdomen area. It was a hard lumpy substance consistent with other objects that Markonni had felt that turned out to be cocaine.

Markonni arrested Cullen and removed the bulge from Cullen's trousers, which was approximately four ounces of cocaine. The other agent found a quantity of marijuana in one of Cullen's trouser pockets along with another small quantity of cocaine.

Cullen testified that when he asked Markonni what would happen if he said no to a search of his bag and person, Markonni stated it would cause a lot of problems, so that Cullen agreed to a search only of his bag.

The undisputed circumstances of the agents' approach and interview with Cullen show that no "seizure" of the defendant took place. See *Voight v. State*, 169 Ga. App. 653 (314 SE2d 487) (1984).

The trial court determined that there was consent to search. Unless clearly erroneous, the trial court's rulings on disputed facts and credibility at a suppression hearing in regard to the issue of consent to search must be accepted by the appellate court. *Williams v. State*, 251 Ga. 749, 792 (8) (a) (i) (312 SE2d 40) (1983). Markonni's testimony provided ample evidentiary support for the conclusion that Cullen validly consented to a search of both his bag and his person.

The consent search which allowed the experienced DEA agent to feel the suspect physical bulge, defendant's nervousness and attempt to turn the bulge area away from the agent, and classic indicia of the drug courier, i.e., brief trip from a drug source city with no checked baggage, provided sufficient probable cause to arrest Cullen as a drug courier. See *Mixon v. State*, 184 Ga. App. 623 (362 SE2d 111) (1987).

Appellant's reliance on *Tarwid v. State*, 184 Ga. App. 853 (363 SE2d 63) (1987) and *Rebeiro v. State*, 186 Ga. App. 518 (367 SE2d 857) (1988) is misplaced. The former involved a seizure which was not objectively reasonable at its inception, and the latter involved the non-consensual search of a suspect bulge for which the defendant had offered explanation.

Denial of the motion to suppress was not error.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 15, 1990.

*Sexton, Turner & Moody, Lee Sexton, Lillian L. Neal*, for appellant.

*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.